WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky– SBN 75240
12100 Wilshire Boulevard, Suite 1100
Los Angeles, CA 90025

Telephone:  310-820-6529
Facsimile:   310- 826-2321

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| In re:<br><br>Jong Hyun Lee,<br><br>　　　　　Debtor.<br><br>―――――――――――<br><br>Chase Bank USA, N.A.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jong Hyun Lee,<br><br>　　　　　Defendant. | Chapter 7<br><br>Bankruptcy No. 08-16447 TD<br><br>Adversary Case No. 08-01645 TD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND ORDER FOR NONDISCHARGABILITY<br><br>DATE: 12/4/08<br><br>TIME: 10:00 AM<br><br>CTRM: 1345 |

Plaintiff Chase Bank USA, N.A. (hereinafter referred to as "Plaintiff") submits the following Memorandum of Points and Authorities in support of motion for default judgment and order for nondischargeability.

## **INTRODUCTION**

On or about 05/10/2008, Debtor and Defendant Jong Hyun Lee (hereinafter collectively referred to as "Debtor" or "Defendant") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

MEMORANDUM OF POINTS AND AUTHORITIES  1



1  Plaintiff filed its Complaint to Determine Dischargeability on 08/06/2008, contending that the
2  discharge of Defendant's debt owed to Plaintiff should be denied pursuant to 11 U.S.C. § 523 (a)(2)(A).
3  Plaintiff will argue that a debtor's use of a credit card is a statement of a present intention to pay
4  for the charges at the time of the purchases or cash advances upon which the creditor relies. In re
5  Eashai, 87 F.3d 1082 (Bankr.9th Cir. 1996); In re Anastas, 94 F.3d 1280 (9th Cir. 1996); and H.C.
6  Prang Company v. Schnore, 13 B.R. 249, 252 (1981).
7  Plaintiff contends that at the time Defendant made the charges and drew the cash advances at
8  issue herein, Defendant either knew, or should have known that he/she could not pay for them or did
9  not intend to pay and/or such use of the credit card was in reckless disregard for the truth of the
10 representation that Defendant intended to repay the debt.

**THE DEBTS IN QUESTION**

Plaintiff brings the within action upon Chase Bank USA, N.A.'s Credit Card Account No. XXXXXXXXXXXX6663. Plaintiff's books and records establish that cash advances and/or consumer purchases were obtained by Defendant as follows

| Date | Description | Amount |
|---|---|---|
| 4/18/08-4/23/08 | Retail charges. | $6,731.00 |
| | $6,731.00 of these transactions were made within the presumption period. | |
| | TOTAL: | $6,731.00 |

It is significant to note: 1) total unsecured debt as indicated on Schedule F exceeds $366,044.00, virtually all of which is credit card and consumer debt. A review of the Petition indicates that there is no available income after payment of expenses; and, 2) the conduct of the debtor demonstrates a reckless disregard pertaining the debtor's intent to repay the charges to Plaintiff and is therefore nondischargeable under current Ninth Circuit law. The Debtor never had any expectation of repaying such credit card debts.

**DEFENDANT'S FINANCIAL CONDITION**

**A. SCHEDULE I - CURRENT INCOME**

1  An examination of Defendant's Schedule I reveals total net monthly income of $2,153.00.

2  Moreover, based on an examination of the Statement of Financial Affairs filed in support of the
3  Chapter 7 Petition, gross income earned by this debtor in 2006 was $1,123,959.00 and 2007
4  $39,000.00.

5  The Court is required to take judicial notice of the Schedules and Petition filed under penalty of
6  perjury. Attached as Exhibit "A" to the Declaration of Yasemin Kabacaoglu.

7  **B.  SCHEDULE J - CURRENT EXPENDITURES**

8  Schedule J filed in support of the Chapter 7 Petition establishes that obligations for household
9  expenses such as housing, transportation, food, etc. was $2,153.00 per month, without allocation for
10 payment of Schedule "F" debt.

11 In other words, it would appear as though the debtor has exhibited "bad faith" in the filing of the
12 Petition and Schedules.

13 **C.  SCHEDULE F - CREDIT CARD DEBT**

14 Debtor's Schedule F debt evidences credit card debt owing to various credit card companies in
15 the sum of $366,044.00.

16 It is common knowledge that the minimum monthly payment for each credit card is not less
17 than two percent (2%) of the outstanding balance, which in this case translates into approximately an
18 additional $7,320.88 per month in debt.

19 In summary, the aggregate sum of monthly payments due creditors identified on Schedule F
20 added to Schedule J debt contrasted against $2,153.00 income creates a deficiency each month of not
21 less than $7,320.88-- a substantial amount in view of the Debtor's financial condition.

22
23 **STATEMENT OF LAW FOR DETERMINING ACTUAL INTENT**

24 Section 523 sets forth the exceptions to the general rule that debts may be discharged in
25 bankruptcy. In pertinent part, § 523(a)(2)(A) provides that a discharge under § 727 does not release a
26 debt:

27 (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the
28 extent obtained, by --



     (A)  false pretenses, a false representation, or actual fraud, other than a statement representing the debtor's or an insider's financial condition.

The Ninth Circuit has adopted two separate formulations for inferring a debtor's fraudulent intent from objective factors. The first is the "totality of the circumstances" approach. Under this approach, a trier of fact may infer a debtor's intent not to repay debts if the objective facts and circumstances present a picture of deceptive conduct by the debtor at the time those debts were incurred. The Ninth Circuit has established a nonexclusive list of twelve factors known as the <u>Dougherty</u> factors (<u>Citibank v. Dougherty</u>) (In re Dougherty, 84 B.R.653) (B.A.P. 9th Cir. 1998)[1] which are to be used by courts in weighing the totality of the circumstances. In assessing a debtor's self-professed beliefs concerning his intent to repay debts, a court should consider the <u>Dougherty</u>-type factors to determine whether such self-serving statements are overshadowed by objective evidence that at the time he incurred the debts in question, the debtor did not intend to repay those debts in accordance with their terms.

A second separate test adopted by the Ninth Circuit provides that even if the debtor honestly believed he would repay his debts when incurred, based upon the objective evidence, the court as trier of fact, must still determine whether the debtor acted in reckless disregard for the truth of his representation to repay the debts. A "sincere although misguided belief" on the debtor's part concerning his intent to repay debts incurred is not an absolute defense against actual fraud under § 523(a)(2)(A). A court may conclude that the very unreasonableness of a debtor's belief that he would repay debts incurred is strong evidence the debtor did not intend to repay such debts.

To balance the fresh start afforded to honest debtors through a discharge of debts, the Bankruptcy Code excepts from discharge any debt "for money, property, services, or an extension,

---

[1] 1) the length of time between the credit card charges and the filing of the bankruptcy; 2) whether or not an attorney was consulted concerning the filing of bankruptcy before the charges were made; 3) the number of charges made; 4) the amount of the charges; 5) the financial condition of the debtor at the time the charges are made; 6) whether the charges were above the credit limit of the account; 7) whether the debtor made multiple charges on the same day; 8) whether or not the debtor was employed; 9) the debtor's prospects for employment; 10) the financial sophistication of the debtor; 11) whether there was a sudden change in the debtor's buying habits; and 12) whether the purchases were made for luxuries or necessities.

renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. ' 523(a)(2)(A). The United States Supreme Court has noted, "Congress evidently concluded that the creditors' interest in recovering full payments of debts in these categories [enumerated in § 523] outweighed the debtors' interest in a complete fresh start." Grogan v. Garner, 498 U.S. 279, 287 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

A creditor must prove actual fraud by a preponderance of the evidence. Grogan v. Garner, 498 U.S. at 286. The common law elements of actual fraud are: (1) the debtor made representations to the creditor; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. Citibank v. Eashai (In re Eashai), 87 F.3d 1082, 1086 (9th Cir. 1996). With respect to the incurrence of credit card debt, the Ninth Circuit Bankruptcy Appellate Panel has noted:

> Where purchases are made through the use of a credit card with no intention at that time to repay the debt, the debt must be held to be nondischargeable pursuant to § 523(a)(2)(A). To hold otherwise would be to ignore the plain language of the statute and to reward dishonest debtors.

Citibank v. Dougherty (In re Dougherty), 84 B.R. 653, 657 (B.A.P. 9th Cir. 1988).

**THE NINTH CIRCUIT HAS ESTABLISHED A CLEAR STANDARD TO DETERMINE WHETHER A DEBTOR POSSESSED FRAUDULENT INTENT BY EVALUATING THE TOTALITY OF THE CIRCUMSTANCES.**

More than ten years ago, in In re Dougherty, the Ninth Circuit Bankruptcy Appellate Panel adopted a nonexclusive list of twelve objective factors "that trial courts should consider" to determine the debtor's intent. 84 B.R. at 657. Since then the Ninth Circuit has embraced the Dougherty approach for determining a debtor's subjective intent to deceive. The Ninth Circuit has recognized that "[s]ince a debtor will rarely admit to his fraudulent intentions, the creditor must rely on the twelve factors of Dougherty to establish the subjective intent of the debtor through circumstantial evidence." Eashai, 87 F.3d at 1090.



In <u>Eashai</u> the Ninth circuit clearly stated the <u>Dougherty</u> analysis constitutes a legal test: "We adopt the twelve <u>Dougherty</u> actors to establish intent to deceive." <u>Id</u>. Moreover, the Ninth Circuit has described the <u>Dougherty</u> approach as a "totality of the circumstances" theory and has stated: "Under this theory, a court may infer the existence of the debtor's intent not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct by the debtor." <u>Id.</u> at 1087.

Two months after the Ninth Circuit's decision in <u>Eashai</u>, it faced another case concerning the nondischargeability. In <u>American Savings Bank v. Anastas (In re Anastas)</u>, 94 F.3d 1280 (9th Cir. 1996), the Ninth Circuit stated that it had approved the Bankruptcy Appellate Panel's <u>Dougherty</u> analysis of nondischargeability of credit card debt. <u>Id.</u> at 1284. In <u>Anastas</u>, however, the Ninth Circuit clarified that financial condition, <u>standing alone</u>, is not a substitute for an actual finding that the debtor intended to deceive the creditor when the charges were incurred. For this reason, the Ninth Circuit explained in <u>Anastas</u> that a court must not singularly focus on the debtor's ability to repay the debts, but on whether the debtor incurred the debts with an intent not to repay.

The Ninth Circuit held the challenged debt in <u>Anastas</u> was dischargeable and "apart from the fact of his financial condition, the record contains no other persuasive evidence of an intent to defraud." <u>Id.</u> at 1287. Despite the Ninth Circuit's holding in favor of the debtor, the <u>Anastas</u> decision clearly upheld application of the nonexclusive list of objective factors established in <u>Dougherty</u> for determining fraudulent intent.

Finally, the recently decided Ninth Circuit's decision in <u>Household Credit Services, Inc. v. Ettell (In re Ettell)</u>, 188 F.3d. 1141, 1999 WL 639127 (9th Cir. Aug. 24, 1999), confirmed that <u>Eashai</u> remains the law of the Circuit.

In summary, in <u>Ettell</u> the Ninth Circuit stated again: "read together, our decisions rendered in <u>Eashai</u>, <u>Anastas</u> and <u>Hashemi</u> simply mean that the debtor's subjective intent must be evaluated in light of objective factors. Because no single objective factor is dispositive, assessment of intent is thus left to the fact finder."

**1. FALSE REPRESENTATION**.

In the recent case of <u>In re Anastas</u> (9th Cir., Sept. 1996), the Court held that the necessary element of a representation made by the debtor is present in the implied representation of an intent to

1    perform the unilateral contract by repaying the amount charged.  Thus, when the card holder uses his
2    credit card, he makes the representation that he intends to repay the debt.

3    **2.  INTENT TO DECEIVE**.

4    The central inquiry in determining whether there was a fraudulent representation is whether the
5    card holder lacked an intent to repay at the time he made the charge.

6    Since a debtor will rarely admit to his fraudulent intentions, the creditor must rely on the twelve
7    factors of Dougherty and any other available objective factors to establish the subjective intent of the
8    debtor through circumstantial evidence.

9    **3.  JUSTIFIABLE RELIANCE**.

10    The Supreme Court recently held that a creditor's reliance on a debtor's misrepresentation can be
11    only justifiable, not reasonable, to accept a debt from discharge under § 523(a)(2)(A) of the Bankruptcy
12    Code.  Field v. Mans, 116 S.Ct. 437, 439 (1995).

13    The Court explained that the general understanding of fraud, as expressed in the Restatement
14    (2nd) of Torts, and by legal scholars, favors a justifiable reliance standard, which turns on a person's
15    knowledge under the particular circumstances.  The general rule is that a person may justifiably rely on
16    a representation even if the falsity of the representation could have been ascertained upon investigation.
17    Romeshjapra, M.D., F.A.C.C., Inc. v. Apte, (In re Apte), 180 B.R. 223.

18    **ANASTAS DECISION**

19    Before Anastas, some courts (including the lower courts in Anastas) gave considerable weight
20    to the 5th Dougherty factor:  the financial condition of the debtor at the time the charges were incurred.

21    Anastas cautioned courts that financial condition alone cannot be the basis for a finding of
22    fraudulent intent.  However, Anastas did not abandon application of objective criteria in assessing the
23    debtor's state of mind.  In fact, the decision in Anastas expresses the Ninth Circuit's continued approval
24    of the objective factors described in Dougherty and first affirmed in Eashai.  See Anastas, 94 F.3d at
25    1284.  Indeed, only months after Anastas, the Ninth Circuit reiterated its adherence to the application of
26    the objective Dougherty factors in Hashemi, 104 F.3d at 1125-26.

27    For example, Anastas incurred his credit card debt over a six (6) month period, during which
28    time he always made his monthly payments.

MEMORANDUM OF POINTS AND AUTHORITIES 7

Next, Anastas offered uncontradicted testimony that he contacted the credit card issuer in an attempt to work out an alternative arrangement for repaying his credit card debt.

Anastas testified that he always possessed the intent to repay his credit card debts, but that he had a gambling addiction which led him into unexpected circumstances.

Finally, Anastas' income to debt ratio was approximately $350.00.

Our case, however, is distinguishable from Anastas.

In the absence of an insolvency event and/or change in circumstances developing subsequent to the use of Plaintiff's line of credit, this would appear to be a Chapter 7 filing of convenience, rather than necessity. Moreover, there is no evidence that the Debtor made his/her monthly payments as they became due.

Second, there is no evidence in the record that the Defendant attempted to work out an alternative arrangement for repaying his credit card debt with Plaintiff or any other credit card issuer.

Third, Defendant's debt to income ratio in the instant case was a $7,320.88 deficit.

Finally, the Defendant has not interposed the defense of any special circumstance to mitigate intent such as illness, unemployment, divorce, disability, etc.

In other words, there are no factors as enunciated in Anastas which would favor dischargeability.

### **NINTH CIRCUIT PRECEDENT HOLDS RECKLESS DISREGARD FOR THE TRUTH OF A REPRESENTATION CONSTITUTES FRAUDULENT INTENT**.

The Ninth Circuit has confirmed in Ettell that "reckless disregard for the truth of a representation satisfies the element that the debtor has made an intentionally false representation in obtaining credit." Anastas, 94 F.3d at 1286. This standard is derived from Houtman v. Mann (In re Houtman), 568 F.2d 651, 656 (9th Cir. 1978), which relied in part on a United States Supreme Court case decided in 1929, Morimura, Arai & Co. v. Taback, 279 U.S. 24, 49 S. Ct. 212, 73 L. Ed. 586 (1929). More than 20 years ago, this Court stated law in Houtman that is as applicable under the Bankruptcy Code today as it then was under the Bankruptcy Act:

> We recognize that exceptions to dischargeability are to be strictly construed. A canon of interpretation adjuring strictness is not, however, a justification for abandoning good sense. It makes good sense to hold that either actual

1. knowledge or the falsity of a statement, or reckless disregard for its truth, satisfies the scienter requirement for nondischargeability of a debt under ' 17(a)(2) [the precursor under the Bankruptcy Act of 1898 to § 523(a)(2)(A)].

3. 568 F.2d at 656 (citation omitted).

4. All of the other circuit courts that have considered reckless disregard in this context have adopted similar standards.  For example, the First Circuit has held that the intent to deceive or defraud may be established if the maker of the misrepresentation "(a) knows or believes that the matter is not as he represents it to be; (b) does not have the confidence in the accuracy of his representation that he states or implies; or (c) knows that he does not have the basis for his representation that he states or implies."  Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997), citing Restatement (Second) of Torts ' 526; W. Page Keeton et al., Prosser and Keeton on the Law of Torts ' 107, at 740-42.  The First Circuit explained:

> One who makes a statement as if it were one of positive fact ("as though he knew it") engages in a "conscious deception" if he realizes he does not know the truth of his statement, even though he honestly believes its truth. . . .  In such a case, the person is deemed to have the intent to deceive. . . .  "This is often expressed by saying that fraud is proved if it is shown that a false representation has been made . . . recklessly, careless of whether it is true or false."

Palmacci v. Umpierrez, 121 F.3d at 787 (citations omitted).  See also, National Union Fire Insurance Co. v. Bonnanzio (In re Bonnanzio), 91 F.3d 296, 301 (2d Cir. 1996) ("intent to deceive can be inferred from the totality of circumstances, including reckless disregard"); Norris v. First National Bank, 70 F.3d 27, 30 n.12 (5th Cir. 1995) ("Reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation may combine to produce the inference of intent [to deceive]"); In re Sheridan, 57 F.3d 627, 633 (7th Cir. 1995) ("[W]here . . . a person knowingly or recklessly makes a false representation which the person knows or should know will induce another to make a loan, intent to deceive may be logically inferred."); Insurance Co. of North American v. Cohn (In re Cohn), 54 F. 3d 1108, 1118-19 (3d Cir. 1995) ("we join with the other courts, including the Courts of Appeals for the Sixth, Tenth, and Eleventh Circuits, in holding that the intent to deceive can be inferred from the totality of the circumstances, including the debtor's reckless disregard for the truth."); Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994) ("Reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant

misrepresentation may combine to produce the inference [sic] of intent [to deceive]"); Driggs v. Black (In re Black, 787 F.2d 503, 506 (10th Cir. 1986) ("the requisite intent may be inferred from a sufficiently reckless disregard of the accuracy of the facts"); In re Martin, 761 F.2d 1163, 1167 (6th Cir. 1985) ("the standard . . . is that if the debtor either intended to deceive the [creditor] or acted with gross recklessness, full discharge will be denied.").

Finally, in the recently decided case of Advanta National Bank v. Kong (In re Kong), 1999 Daily Journal, October 6, 1999, BAP confirmed, citing Eashai, that the use of a credit card is attended by an obligation on the part of the cardholder to make bona fide use of it. Such good faith means that a cardholder cannot use credit cards with reckless indifference to his actual circumstances. In other words, if the cardholder did not have an honest belief as to his intent to repay, the cardholder was reckless in forming his belief that he intended to repay the debt.

**ETTELL DECISION**.

In determining the dischargeability of credit card debt on the basis of fraud, the court can consider circumstantial evidence in addition to the twelve Dougherty factors. Ettell, 188 F.3d. 1141 (1999).

> "The subtext of Household's argument is that the Dougherty factors ought to provide the exclusive means of  Anastas) 94 F.3d 1280, 1284-85 (9th Cir. 1996). Just as a debtor's testimony about his subjective intent is not by itself legally dispositive [2], neither are the objective inferences drawn from consideration of the Dougherty factors. Because fraud lurks in the shadows, it must usually be brought to light by consideration of circumstantial evidence. In that context, the Dougherty factors provide a useful means of objectively discerning intent based on the probabilities of human conduct. Dougherty does not handcuff the trier of fact, who is in the best position to balance the objective evidence against the witness's testimony and credibility. Totality of the circumstances means totality

---

[2] In issuing its decision, the bankruptcy court seemed to suggest that subjective intent might be dispositive under Anastas. This misreads Anastas. Anastas held that incurring debt while objectively unable to repay did not dispositively establish a debtor's fraudulent intent. 94 F.3d at 1285-86. This is entirely consistent with a "totality of the circumstances" approach, in that it requires that intent be ascertained through an analysis of all of the surrounding circumstances, rather than just one factor. Anastas, 94 F.3d at 1286 n.3; see also Hashemi, 104 F.3d at 1125-26. Read together, our decisions in Eshai, Anastas, and Hashemi simply mean that the debtor's subjective intent must be evaluated in light of objective factors. Because no single objective factor is dispositive, assessment of intent is thus left to the fact-finder.

MEMORANDUM OF POINTS AND AUTHORITIES 10



of the circumstances.³ <u>Eshai</u> remains the law of the circuit."    <u>In re Ettell</u>.

**APPLICATION TO THIS CASE**.

Plaintiff argues that after reviewing the compelling circumstantial evidence before this Court, the Defendant's intent to use Plaintiff's cards with no intention of repaying the Plaintiff is amply demonstrated and supported by the totality of the circumstances that comprise this case.

Application of factors favorable to Plaintiff under current Ninth Circuit law are as follows:

1. Between 04/18/2008 and 04/23/2008 cash advances were made in the amount of and/or consumer purchases were made in the amount of $6,731.00.

2. $6,731.00 of these transactions were made within the presumption period

3. The financial condition of defendant at the time these charges were made has been detailed above. During the period when defendant obtained the cash advances/purchase detailed above, his/her monthly expenses exceeded his/her monthly income by at least $7,320.88-- a substantial amount in view of his/her disposable income.

4. In view of the fact that defendant was insolvent at the time the cash advances/purchase was obtained, Defendant had to have known that his/her financial condition was such that it would be impossible for him/her to repay. In other words, this factor alone is compelling evidence that he/she utilized Plaintiff's line of credit with an intent not to repay.

5. Defendant's disposable income and savings could not possibly cover required credit card payments together with other necessary living expenses, creating an inference that there was no reasonable prospect of an ability to repay. Moreover, there is no evidence that there was an insolvency event and/or change in circumstance subsequent to the use of the card to mitigate intent, such as unemployment, divorce, illness or disability.

6. There are no Kong and/or Anastas factors.

---

³ Household also contends that the BAP committed legal error by suggesting, pursuant to <u>Anastas</u>, that the scienter requirement of '523(a)(2) precluded consideration of reckless conduct. We do not read the BAP's decision to say that. If so, it would be an improper construction of <u>Anastas</u>. Although <u>Anastas</u> used the phrases "bad faith" and "intent to defraud," it also made clear that reckless conduct could be sufficient to establish fraudulent intent. See <u>Anastas</u>, 94 F.3d at 1286 ("reckless disregard for the truth of a representation satisfies the element that the debtor has made an intentionally false representation in obtaining credit."). Nevertheless, even if erroneous, the BAP's reference was in dicta and does not constitute reversible error.



7. The Ninth Circuit, as well as other appellate courts, have held that the use of a credit card is attended by an obligation on the part of the cardholder to make bona fide use of it. Such bona fide use means that the credit cardholder cannot use the credit card with reckless indifference to their actual circumstances.

8. Based on the objective factors enumerated above, defendant clearly acted recklessly in forming his/her belief that he/she intended to repay Plaintiff. In other words, based on the objective factors enumerated above, defendant did not have an honest belief as to his/her intent to repay.

A review of the record before the Court serves to establish that the Defendant intended to defraud Plaintiff.

In sum, Plaintiff has established all of the elements of actual fraud: (1) that Defendant made a false representation; (2) that Defendant had intent to deceive; (3) that Plaintiff justifiably relied on Defendant's false representations; and (4) that Plaintiff was damaged in the amount of $6,731.00.

**CONCLUSION**

Based on the facts and evidence presented by Plaintiff in this case, the record contains persuasive evidence of an intent to defraud Plaintiff by making credit card charges which would then be discharged in bankruptcy.

Dated: ___12/3/08___    Respectfully submitted,

WEINSTEIN & RILEY, P.S.

By: /S/ Jerome A Yelsky
Jerome A. Yelsky SBN 75240

Attorney for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES 12



# PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident and employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 12100 Wilshire Boulevard, Suite 1100, Los Angeles, CA 90025.

On ____12/3/08_____, I served the foregoing **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND ORDER FOR NONDISCHARGEABILITY** in this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, CA, addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___12/3/08_____, at Los Angeles, California.

/S/ Heidy Valdes
Heidy Valdes



SERVICE LIST

Jong Hyun Lee
2331 Montrose Avenue #3
Montrose, CA 91020

Kelly R Cha
Attorney At Law
3435 Wilshire Blvd Suite 2920
Los Angeles, CA 90010